FILED

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

FEB 23 PM 4 27

TAMPA FLORIDA

UNITED STATES OF AMERICA,

        **Plaintiff,**

    **v.**

BRIAN WEISS,

        **Defendant.**

No. 8:11-CR-477-T-33TBM

## NON-PARTY GOOGLE INC.'S MOTION TO QUASH
## WITNESS SUBPOENA AND MEMORANDUM IN SUPPORT

### I.    INTRODUCTION

Fed. R. Evid. 902(11) is intended to obviate the need for a live witness to authenticate business records in federal trials. To that end, Google Inc. ("Google") has provided the government with 902(11) declarations to authenticate and admit certain of its business records that the government intends to use at the trial scheduled in this matter for February 27, 2012. Nevertheless, the government has served non-party Google with a witness subpoena to authenticate its business records at trial (hereafter, the "Witness Subpoena"). *See* Exhibit 1 to the Declaration of Colin Bogart ("Bogart Decl."). Despite the dictates of Rule 902(11), the Witness Subpoena purports to demand that Google produce a records custodian who can provide testimony on information that is well within the ambit of information covered by Rules 803(6) and 902(11). For these reasons and those described in further detail below, Google respectfully submits that the Witness Subpoena should be quashed because Google's business records can be authenticated and admitted without live testimony, thus rendering the Witness Subpoena unreasonable and oppressive. *See* Fed. R. Cr. P. 17(c)(2).

## II.    FACTUAL BACKGROUND

On July 6, 2011, Google received a subpoena *duces tecum* from the Lake County Sheriff's Office requesting certain business records. *See* Bogart Decl. ¶ 4.  On July 21, 2011, Google produced 1 page of documents in response to the subpoena.  *Id.*  With these responsive documents Google provided a declaration of a custodian in compliance with Federal Rule of Evidence 902(11).  *See* Ex. 2 to Bogart Decl.

On August 22, 2011, Google received a search warrant from the Lake County Sheriff's Office requesting certain business records. *Id.* ¶ 5.  On August 25, 2011, Google produced 1 CD of data in response to the Warrant. *Id.*  With these responsive documents Google provided a declaration of a custodian in compliance with Federal Rule of Evidence 902(11).  *See* Ex. 3 to Bogart Decl.

On January 9, 2012, Google received a subpoena *duces tecum* from the FBI requesting certain business records. *Id.* ¶ 6.  On January 13, 2012, Google produced 1 page of documents in response to the subpoena.  *Id.*  With these responsive documents Google also provided a declaration of a custodian in compliance with Federal Rule of Evidence 902(11).  *See* Ex. 4 to Bogart Decl.

On January 10, 2012 a witness subpoena dated January 6, 2012, was served upon Google by the United States Attorney's Office, Middle District of Florida, pursuant to Rule 17 of the Federal Rules of Criminal Procedure (the "Witness Subpoena").  *See* Ex. 1 to Bogart Decl.  The Witness Subpoena purports to demand the attendance of a witness (or witnesses) at the trial in this matter to authenticate the documents produce by Google in response to the Warrant and subpoenas *duces tecum.*

On February 3, 2012, Google received notice via fax and voicemail from Special

Agent Renee McAteer, US Immigration and Customs Enforcement, that the trial date in this matter had been postponed and that she would reach out to Google when a date had been set. *Id.* ¶ 8.

On February 9, 2012 Special Agent McAteer called and left a voicemail informing Google that the tentative date for the trial had been reset to sometime after February 20, 2012, but the exact date had not yet been set on the court calendar. *Id.* ¶ 9.

On February 17, 2012, AUSA Amanda Kaiser left a voicemail for Google and requested that a representative call her back in regards to the trial appearance. *Id.* ¶ 10.

On February 21, 2012, Ms. Kaiser informed Google and its counsel that the trial was set for February 27, 2012. *Id.* ¶ 11.

Google's counsel has since attempted to resolve this matter without the Court's intervention, but the government has made clear that it does not believe this Court will accept a 902(11) declaration in lieu of live testimony where the defendant will not stipulate to the authenticity of the records.

### III.   ARGUMENT

Pursuant to Federal Rule of Criminal Procedure 17(c)(2), "the court may quash or modify [a] subpoena if compliance would be unreasonable or oppressive." *See, e.g., United States v. Bergeson*, 425 F.3d 1221, 1227-28 (9th Cir. 2005) (upholding a district court order quashing a subpoena for testimony pursuant to Fed. R. Crim. P. 17(c)(2)); *U.S. v. Weldon*, No. CRIM.A. 05-45-DLB, 2006 WL 905932, at *1 (E.D. Ky., Apr. 7, 2006) ("the Court has the inherent authority to review the propriety of trial subpoenas.")

A.    **The Testimony Contemplated by the Witness Subpoena is Duplicative and Unnecessary**

Federal Rule of Evidence 803(6) provides an exception to the hearsay rule for records of regularly conducted activity "as shown by the testimony of the custodian or other qualified witness, *or by certification that complies with Rule 902(11)....*" (emphasis added).

Federal Rule of Evidence 902(11) provides that extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

> **(11) Certified Domestic Records of Regularly Conducted Activity.**—The original or a duplicate of a domestic record of regularly conducted activity that would be admissible under Rule 803(6) if accompanied by a written declaration of its custodian or other qualified person, in a manner complying with any Act of Congress or rule prescribed by the Supreme Court pursuant to statutory authority, certifying that the record—
>
> **(A)** was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;
>
> **(B)** was kept in the course of the regularly conducted activity; and
>
> **(C)** was made by the regularly conducted activity as a regular practice.
>
> A party intending to offer a record into evidence under this paragraph must provide written notice of that intention to all adverse parties, and must make the record and declaration available for inspection sufficiently in advance of their offer into evidence to provide an adverse party with a fair opportunity to challenge them.

In the case at bar, there can be no dispute that the documents produced by Google in response to the Warrant and Subpoenas *Duces Tecum* are business records under Rule 803(6). There can also be no dispute that the declarations that accompanied Google's

production in response to the Warrant and Subpoenas *Duces Tecum* are in compliance with Federal Rule 902(11). Therefore, the documents produced by Google have been authenticated and the government's request for further testimony as to their authenticity is duplicative and unreasonable. *U.S. v. Yeley-Davis*, 632 F.3d 673, 677-81 (10th Cir. 2011) (rejecting Confrontation Clause challenge from defendant and upholding admission of phone records authenticated by 902(11) declaration from Verizon's records custodian); *United States v. Green*, 396 Fed. Appx. 573, 574-75, 2010 WL 3401485, at *2 (11th Cir. 2010) (same as to declaration from Metro PCS custodian) (unpublished).[1]

Indeed, to enforce the government's Witness Subpoena and compel Google to send a witness to provide live testimony on these issues would defeat the very purpose for which Rule 902(11) was enacted, for as noted by one of the drafters of the rule:

> One of the most useful (though perhaps least noticed) accomplishments of the Judicial Conference's Advisory Committee on the Rules of Evidence during this Court's tenure as its Chairman was in adding a new Rule 902(11) to the self-authentication provisions of Rule 902. That new provision was intended to obviate the need for live witnesses to parade to the stand to support the admission into evidence of business records.

---

[1] *Cf. U.S. v. Weiland*, 420 F.3d 1062, 1077 (9th Cir. 2005) (requiring records custodians "to make themselves available for cross-examination in the countless criminal cases heard each day in our country would present a serious logistical challenge without any apparent gain in the truth-seeking process") (internal quotation marks omitted); *U.S. v. Marshall*, No. 07-20569-CR, 2008 WL 2474662, at *2 (S.D. Fla. June 17, 2008) (ordering "issuance of a subpoena to the records custodian of Yahoo, accompanied by an appropriate Affidavit for the records custodian to complete to establish the authenticity of these [email] records to obviate the need for the appearance of the records custodian at trial."); *U.S.. v. Doolittle*, 341 F. Supp. 163, 169 (M.D. Ga. 1972) (quashing witness subpoena where the only possible relevant testimony would involve ministerial matters already covered by an affidavit before the court), *judgment aff'd*, 507 F.2d 1368 (5th Cir. 1975), *on reconsideration*, 518 F.2d 500 (5th Cir. 1975) *and cert. dismissed*, 423 U.S. 1008, 96 S. Ct. 439, 46 L. Ed. 2d 380 (1975); *see also* 7 Fed. Proc. Forms § 20:485 ("a subpoena to testify may be quashed where . . . the only possible relevant testimony would involve material already covered by an affidavit before the court").

*United Asset Coverage, Inc. v. Avaya Inc.,* 409 F. Supp. 2d. 1008, 1052 (N.D. Ill. 2006).[2]

For these reasons, Google respectfully submits that its business records can be authenticated and admitted without live testimony, thus rendering the Witness Subpoena unreasonable and oppressive. *See* Fed. R. Cr. P. 17(c)(2).

**B.   The Burden Imposed on Google by Complying With the Witness Subpoena Outweighs the Government's Need for Testimony**

In assessing whether to enforce a witness subpoena issued pursuant to Federal Rule of Criminal Procedure 17, it is useful to look to precedent under Federal Rule of Civil Procedure 45, since the two are "substantially the same." *See* Advisory Committee Notes, 1944 Adoption of Rule 17.

When assessing a motion to quash a subpoena issued pursuant to Federal Rule of Civil Procedure 45, "the test for 'undue burden' is a balancing test that pits the need of the party for the sought production against the interests of the subpoenaed witness in resisting compliance." *See* 9 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 45.32 (3d ed. 2007) citing *Positive Black Talk, Inc. v. Cash Money Records, Inc.,* 394 F.3d 357, 377 (5th Cir. 2004); *see also Schaaf v. SmithKline Beecham Corp.,* No. 3:06-CV-120-J-25TEM, 2006 WL 2246146, at *2-3 (M.D. Fla. Aug. 4, 2006) (applying balancing test in quashing non-party subpoena).

---

[2] *See also Lorraine v. Markel American Insurance Co.,* 241 F.R.D. 534, 552 (D. Md. 2007) ("Rule 902(11) also is extremely useful because it affords a means of authenticating business records under Rule 803(6), one of the most used hearsay exceptions, without the need for a witness to testify in person at trial"); *DirecTV, Inc. v. Reyes,* No. 03 C 8056, 2006 WL 533364, at *3 (N.D. Ill. Mar. 2, 2006) ("The purpose of Rule 902(11) . . . is to establish a 'procedure by which parties can authenticate certain records of regularly conducted activity, other than through the testimony of a foundation witness.'") quoting Advisory Committee Notes, 2000 Amendments to Rule 902.

The government cannot demonstrate any interest in enforcing the Witness Subpoena beyond proving that which has already been proven: the documents produced by Google are authentic business records under Federal Rules of Evidence 803(6) and 902(11).

Google, on the other hand, can demonstrate a significant interest in opposing the Witness Subpoena. Specifically, Google maintains a dedicated team for responding to legal process and receives literally tens of thousands of requests for assistance on an annual basis. *See* Bogart Decl. ¶ 2. These requests run the gamut from national security matters, kidnappings and other emergencies, to routine civil and criminal demands for records. *Id.* Numerous courts throughout the country have accepted Google's declarations of authenticity for business records pursuant to Rule 902(11). *Id.* If courts suddenly refused to accept Google's declarations of authenticity, and Google was therefore forced to send a witness (or witnesses) to attend each and every criminal trial in which its business records are offered as evidence, it would be simply impossible for Google to sufficiently staff its team in order to comply with all of its legal obligations. *Id.*

Accordingly, when the government's tenuous interest in enforcing the Witness Subpoena is weighed against non-party Google's interest in seeing that it is not enforced, the balance favors Google.

## IV.    CONCLUSION

For the reasons stated, Google respectfully submits that the Witness Subpoena is
unreasonable and oppressive and requests that it be quashed in its entirety.

Respectfully submitted,

Dated: February 23, 2012

Kevin J. Napper
Florida Bar No. 656062
Carlton Fields, P.A.
P.O. Box 3239
Tampa, FL  33601-3239
Telephone (813) 229-4312
Facsimile (813) 229-4133
knapper@carltonfields.com

*Attorneys for Google Inc.*

## CERTIFICATE OF SERVICE

I hereby certify this 23rd day of February, 2012, that I served copies of the foregoing document via facsimile and U.S. Mail upon each of the parties listed below:

Amanda C. Kaiser
US Attorney's Office
400 N Tampa St., Suite 3200
Tampa, FL 33602
813-274-6000
Fax: 813-274-6108
Email: amanda.kaiser@usdoj.gov

*Attorneys for the United States*

Andrew J. Chmelir
Jacobson, McClean, Chmelir & Ferwerda
351 E SR 434, Suite A
Winter Springs, FL 32708
407-327-8899
Fax: 407-327-3019
Email: ajchmelir@cs.com

Charles M. Greene
Charles M. Greene, PA
55 East Pine Street
Orlando, FL 32801
407-648-1700
Fax: 407-648-0071
Email: cmg@cmgpa.com

Stephen Baer
Federal Public Defender's Office
400 N Tampa St., Suite 2700
Tampa, FL 33602-4726
813-228-2715
Fax: 813-228-2562
Email: stephen_baer@fd.org

*Attorneys for Defendant*