UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:11-cr-477-T-33TBM

BRIAN WEISS
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Brian Weiss' Renewed Motion for Judgment of Acquittal or, in the Alternative, Motion for New Trial, filed on March 15, 2012 (Doc. # 65). The Government filed a Response in Opposition thereto on October 24, 2011 (Doc. # 66). For the reasons stated below, Weiss' Motion is denied.

I.  **Background**

The Government's September 14, 2011, Indictment contained one count against Weiss for violation of 18 U.S.C. § 2422(b). (Doc. # 1). The Government charged that Weiss:

> did knowingly attempt to persuade, induce, entice, and coerce an individual who had not attained the age of eighteen years to engage in a sexual act for which any person can be charged with a criminal offense, by using a facility and means of interstate commerce, that is, a telephone and a computer and modem with access to the Internet.

(Id. at 1). The Indictment also contained a forfeiture count.

A jury trial was conducted during the week of February 27, 2012. On February 29, 2012, Weiss made an oral motion for judgment of acquittal (Doc. # 52), which the Court denied by

oral order (Doc. # 53). On March 1, 2012, the jury found Weiss guilty as to Count One of the Indictment. (Doc. # 59). The Court set Weiss' sentencing for June 7, 2012. (Doc. # 60).

By the present Motion, Weiss seeks a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c) or, in the alternative, a new trial pursuant to Federal Rule of Criminal Procedure 33.

## II. Standard of Decision

### A. Rule 29 Motion for Judgment of Acquittal

A motion for acquittal is governed by Federal Rule of Criminal Procedure 29. "As the text of the Rule indicates, and as courts and other authorities have recognized, '[t]he sole ground for a post-trial motion under Rule 29(c) is that the evidence was insufficient to sustain a conviction.'" United States v. Hunt, 412 F. Supp. 2d 1277, 1282 (11th Cir. 2005) (quoting United States v. Miranda, 425 F.3d 953, 963 (11th Cir. 2005)). "The standard for assessing the sufficiency of evidence is whether any reasonable view of the evidence, considered in the light most favorable to the government, is sufficient to allow a jury to find guilt beyond a reasonable doubt." United States v. Leonard, 138 F.3d 906, 908 (11th Cir. 1998) (citing United States v. Bush, 28 F.3d 1084, 1087 (11th Cir. 1994)).

**B.   Rule 33 Motion for a New Trial**

A new trial pursuant to Federal Rule of Criminal Procedure 33 may be granted in the interests of justice or on the basis of newly discovered evidence. United States v. Ramos, 179 F.3d 1333, 1336 (11th Cir. 1999). A new trial may be granted in the interests of justice if the motion is filed "within 14 days after verdict or finding of guilty." In this case, the Motion was timely filed. Weiss has not asserted that the discovery of new evidence warrants a new trial. Accordingly, the Court will assess whether a new trial is warranted in the interests of justice.

A Rule 33 motion for a new trial "is addressed to the sound discretion of the trial court." United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985). "If the court concludes that . . . the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." Id. (internal quotation marks omitted). The court may follow this course even if the evidence is legally sufficient to sustain the verdict. Id. However, the Eleventh Circuit has admonished that "[a] motion for new trial must be viewed with 'great caution.'" United States v. Reed, 887 F.2d

1398, 1404 (11th Cir. 1989) (quoting United States v. Hall, 854 F.2d 1269, 1271 (11th Cir. 1988)).

## III. Analysis

### A. Rule 29 Motion for Judgment of Acquittal

Weiss contends that a judgment of acquittal is warranted because the explicit language of the Indictment required proof that Weiss attempted to persuade, induce, entice and coerce "an individual who had not attained the age of eighteen years." (Doc. # 65 at ¶ 2). However, the Government's evidence purported to prove that Weiss attempted to persuade, induce, entice and coerce an adult police officer posing as a minor. (Id. at ¶ 3). Thus, Weiss contends that the evidence was insufficient to prove that he committed the crime charged. (Id. at ¶ 4).

Weiss concedes that there is legal authority supporting the Government's position that it may charge and prove an attempt to violate 18 U.S.C. § 2422(b) in the absence of a minor. However, he argues that "the grand jury in the case at bar, for reasons that are unknown and irrelevant to this Motion, elected to specifically charge Defendant with attempting to persuade, induce, entice, or coerce <u>an individual under the age of eighteen years</u>." (Id. at ¶ 6) (emphasis in original). By way of contrast, he cites a First Circuit opinion in which the government specifically charged

4

the defendant with attempting to persuade, induce or entice an individual "who represented herself to be and who the defendant believed to be under the age of eighteen." United States v. Rodriquez-Rodriquez, 663 F.3d 53, 45 (1st Cir. 2011).

In its response, the Government states that Weiss failed to address or distinguish Eleventh Circuit opinions holding that a defendant need not communicate directly with a minor to be found guilty of violating 18 U.S.C. § 2422(b); communicating with a police officer posing as an adult intermediary is sufficient. See United States v. Hornaday, 392 F.3d 1306, 1310-11 (11th Cir. 2004); United States v. Murrell, 368 F.3d 1283, 1287 (11th Cir. 2004). Furthermore, the Eleventh Circuit has stated that a defendant's "belief that a minor was involved is sufficient to sustain an attempt conviction under 18 U.S.C. § 2422(b)." United States v. Root, 296 F.3d 1222, 1227 (11th Cir. 2002).

As noted above, "[t]he standard for assessing the sufficiency of evidence is whether any reasonable view of the evidence, considered in the light most favorable to the government, is sufficient to allow a jury to find guilt beyond a reasonable doubt." Leonard, 138 F.3d at 908. Based upon Eleventh Circuit controlling precedent, the Court finds that the evidence the Government adduced at trial was sufficient to

sustain the jury's verdict. Therefore, a judgment of acquittal is not warranted.

B. **Rule 33 Motion for a New Trial**

Weiss asserts that a new trial is warranted because this Court constructively amended the charges to conform to the government's evidence. (Doc. # 65 at 4). He asserts that the Eleventh Circuit Pattern Jury Instructions for 18 U.S.C. § 2422(b) require the existence of a minor as an element of the offense. (Id. at ¶ 2). He contends that the Court impermissibly broadened the basis of the offense by advising the jury that it was "not necessary for the Government to prove that the individual was in fact less than 18 years of age," but it was "necessary for the Government ro prove that the defendant believed such individual to be that age." (Id. at ¶ 5). In addition, he argues that the Court compounded this error with prejudice to Weiss by advising the jury to rely upon the jury instruction, rather than the Indictment, in resolving discrepancies between the two. (Id. at 6).

The Court finds that its jury instruction did not constructively amend the Indictment. The language of the Indictment tracks the language of 18 U.S.C. § 2422(b), and the Eleventh Circuit has held that the attempt provision of this offense does not require the involvement of an actual minor. See Hornaday, 392 F.3d at 1310-11; Murrell, 368 F.3d 1283;

6

Root, 296 F.3d at 1227.[1] The Court therefore declines to grant a new trial.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Brian Weiss' Renewed Motion for Judgment of Acquittal or, in the Alternative, Motion for New Trial (Doc. # 65) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of March 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record

---

[1] Hornaday and Murrell are cited in annotations to the Eleventh Circuit Pattern Jury instructions.